IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 11-cv-01439-MSK

DEUTSCHE BANK TRUST COMPANY AMERICAS, in its capacity as successor indenture
trustee for certain series of Senior Notes,
LAW DEBENTURE TRUST COMPANY OF NEW YORK, in its capacity as successor
indenture trustee for certain series of Senior Notes, and
WILMINGTON TRUST COMPANY, in its capacity as successor indenture trustee for PHONES
Notes,

        Plaintiffs,

v.

JANNA L. GADDEN,
MARK S. LIES,
DONNA C. LIES,
FRED MARTEL, on behalf of himself and a class of similarly situated persons and entities,
BARBARA MARTELL,
MAXIM SERIES FUND INC., on behalf of itself and a class of similarly situated persons and
entities,
MAXIM FOREIGN EQUITY PORTFOLIO,
MAXIM T. ROWE PRICE EQUITY/INCOME PORTFOLIO,
MAXIM TRP EQUITY INCOME PORTFOLIO,
GREAT-WEST LIFE ASSURANCE CO.,
DONALD ROONEY, on behalf of himself and a class of similarly situated persons and entities,
SARA ROONEY,
T. ROWE PRICE GROUP INC.,
JEFFREY SCHATZ, on behalf of himself and a class of similarly situated persons and entities,
KIMBERLY SCHATZ, and
EDWARD J. SIDNEY, as an individual and as a Trustee of the Edward J. Sidney Trust US
07/22/76, and on behalf of himself and a class of similarly situated persons and entities,

        Defendants.

---

## ORDER OF DISMISSAL

---

       This matter comes before the Court *sua sponte* based on Plaintiffs' Complaint (**#1**),

which alleges that the Court has jurisdiction over this case based on diversity of citizenship

pursuant to 28 U.S.C. § 1332 or, alternatively, based on the presence of a party organized under the laws of the United States and international or foreign banking activities pursuant to 12 U.S.C. § 632.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[I]f the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter."). Second, "[s]ubject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." *Id.* at 873. Finally, delay in addressing the issue only compounds the problem given that, if jurisdiction is lacking, the case must be dismissed or remanded regardless of the stage it has reached. *See U.S. Fire Ins. Co. v. Pinkard Const. Co.*, No. 09-CV-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

It is well established that the party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter and such party must do so by affirmatively alleging facts demonstrating jurisdiction. *See Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004); *United States ex rel. Precisions Co. v. Koch Indus.*, 971 F.2d 548, 551

(10th Cir. 1992).  In this case, the Plaintiffs appear to invoke 28 U.S.C. § 1332(a),[1] which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  They assert that jurisdiction is proper under § 1332(a) because "(a) Plaintiffs and each of the Named Shareholder Defendants are citizens of different states; (b) Plaintiffs and each of the Shareholder Class Representatives are citizens of different states; and (c) the amount in controversy as to each of the Named Shareholder Defendants and each of the Shareholder Class Representatives exceeds $75,000, exclusive of interest and costs."  Docket No. 1 ¶ 36.

As to the citizenship of the defendants, the Plaintiffs generally allege that each of the defendants "either is– (i) a natural person who resides in or is domiciled in this State, (ii) a juridical entity that is incorporated, organized, established, headquartered, or conducts or is licensed to conduct business within this State, or (iii) a natural person or juridical entity that, upon information or belief, regularly transacts or solicits business in this State, derives substantial revenue from goods used or services rendered in this State, or maintains relations to or engages in any other persistent course of conduct in this State sufficient to afford a basis for the exercise of personal jurisdiction."  *See* Docket No. 1 at ¶ 21.  The Complaint also lists the

---

[1]  The Complaint (#1) actually does not specify the particular subsection of § 1332 under which the Plaintiffs base their claim of jurisdiction, instead referring only to § 1332 in general. Given the allegations it is possible that the Plaintiffs are basing their assertion of subject matter jurisdiction on § 1332(d), rather than § 1332(a).  Section 1332(d) provides that district courts shall have subject matter jurisdiction over class actions involving over $5,000,000 under less strenuous diversity requirements than traditional diversity jurisdiction pursuant to § 1332(a).  Its provisions, however, are limited to classes of plaintiffs.  *See* § 1332(d).  As this case involves only classes of defendants, not plaintiffs, § 1332(d) is not applicable and the Plaintiffs may not rely on it to establish subject matter jurisdiction.

citizenship (Colorado) of five of the sixteen defendants named in this action—Fed Martel, Maxim Series Fund, Inc., Donald Rooney, Jeffrey Schatz, and Edward J. Sidney.  It is these five defendants that the Plaintiffs name as the class representatives for the classes they wish to include as defendants.  Finally, the Complaint includes an Exhibit (**#2**) listing the last known address of each "Named Shareholder Defendant," which includes thirteen of the sixteen named defendants.[2]

These allegations fail to provide sufficient information upon which the Court may assess whether it may exercise subject matter jurisdiction over the Plaintiffs' claims.  The Plaintiffs have failed to identify the citizenship of each defendant.  As to the individuals, identification of a residence provides a *prima facie* showing as to domicile, which equates to the place of citizenship.  *See Smith v. Cummings*, 445 F.3d 1254, 1259–60 (10th Cir. 2006) ("For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile."); *State Farm Mut. Auto Ins. V. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("Residence alone is not the equivalent of citizenship, but the place of residence is *prima facie* the domicile.").  Here, all of the addresses listed for the individually named defendants are in Colorado.  Accordingly, this is sufficient for a *prima facie* showing that these defendants' domiciles, and therefore their citizenship, is in Colorado.

As to the corporate entities, however, an address is not sufficient to demonstrate the citizenship of a business entity.  Rather, the rules for determining the citizenship of a business or corporate entity depend on the type of entity at issue.  *See* 28 U.S.C. § 1332(c)(1) ("[A]

---

[2]  The list does not include addresses for Maxim Seris Fund, Inc., Great-West Life Assurance Co., or T. Rowe Price Group, Inc.

corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."); *Smith v. Locher*, 2010 WL 2342475, at *1 (D. Colo. Jun. 8, 2010) (unpublished) (noting that although neither the Supreme Court or the Tenth Circuit has specifically addressed the issue, the consensus among the circuits is that an LLC is considered to be a citizen of the states of which its members are citizens). Here, the Plaintiffs have not identified the nature of their own business organization[3] or each defendant's business organization. Without this the Court cannot even determine the relevant test to determine each defendant's citizenship.[4] None of the facts or allegations in the Complaint are independently adequate to establish that each defendant's citizenship is different from the citizenship of each of the Plaintiffs . Without such a showing, the Plaintiffs have not met their burden of establishing diversity jurisdiction.

---

[3]  With respect to their own citizenship, the Plaintiffs allege as follows:
- Plaintiff DBTCA is a trust company that is incorporated in the State of New York with its principal place of business in New York, New York."  Docket No. 1, ¶ 14.
- "Plaintiff Law Debenture is a trust company that is incorporated in the State of New York with its principal place of business in New York, New York."  Docket No. 1, ¶ 15.
- " Plaintiff Wilmington Trust is a trust company that is incorporated in the State of Delaware with its principal place of business in Wilmington, Delaware."  Docket No. 1, ¶ 17.

It is unclear whether a trust company is a corporation, or another type of entity created under New York or Delaware law.  In addition, Plaintiffs bring this action on "behalf of" certain unidentified holders of debt securities, but it is unclear from the allegations in the Complaint whether the citizenship of those holders is relevant to the determination of this Court's subject matter jurisdiction.  Because of the facially deficient nature of the allegations regarding the Defendants' citizenship, however, the Court need not address that question.

[4]  Even if the Court were to assume – which it is not free to do when assessing its subject matter jurisdiction – that each defendant is a corporation, the Plaintiffs' allegations that the defendants are "incorporated, organized, established, headquartered, *or* conducts or is licensed to conduct business within this State," are wholly insufficient.

Alternatively, the Plaintiffs invoke jurisdiction pursuant to 12 U.S.C. § 632, which provides that district courts have jurisdiction over cases in which a party is an entity organized under the laws of the United States and the action arises out of transactions involving international or foreign banking or banking in an dependency or insular possession of the Untied States or out of other international or foreign financial operations.  With respect to this type of subject matter jurisdiction, the Plaintiffs merely allege that "(a) upon information and belief, at least one of the Named Shareholder Defendants is a corporation that is organized under the laws of the United States; and (b) it arises out of transactions that involve international or foreign banking, international or foreign financial operations, either directly or through the agency, ownership, or control of branches or local institutions in dependencies or insular possessions of the United States or in foreign countries."  Such general and conclusory allegations are not sufficient to establish jurisdiction—they state only "upon information and belief," do not identify the activities involving foreign finance, and fail to even identify the defendant that is organized under the laws of the United States.

Accordingly, the Court concludes that the Plaintiffs have failed to allege the most basic facts supporting the Court's subject matter jurisdiction.  *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction.") (citations and internal quotation marks omitted).

Therefore, it is **ORDERED** that this case is dismissed without prejudice for lack of subject matter jurisdiction.

Dated this 23rd day of June, 2011

**BY THE COURT:**

Marcia S. Krieger
United States District Judge